UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

IN RE: COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY COVID-19

Case No. 4:95mc40111

_____/

## ADMINISTRATIVE ORDER

The Centers for Disease Control and Prevention have recently warned of the evolving threat represented by the outbreak and spread of coronavirus (COVID-19) in the United States. The World Health Organization labelled COVID-19 a global pandemic and Florida Governor Ron DeSantis declared a public health emergency throughout the state. According to these and other public health experts, social distancing measures are the most effective way to combat the rapid spread of COVID-19 and prevent illness.

In consideration of the serious health crisis facing the nation, Administrative Order 345, dated March 23, 2020, was entered in response to the national and statewide public health emergency created by the rapid spread of COVID-19, and, among other directives, ordered the cancellation of all grand jury proceedings for March 2020. *See* N.D. Fla. Case No. 4:95-mc-40111, ECF Doc. 345.

Given the continuing significant public health concerns presented by the COVID-19 pandemic and the current declaration of a national and statewide public health emergency, the expected duration of which is currently unknown, it is necessary to extend the cancellation of grand jury proceedings to include all grand jury proceedings scheduled between April 1, 2020 and April 30, 2020 in the Northern District of Florida. Although these grand juries will not be in session between April 1, 2020 and April 30, 2020, they remain empaneled. Further grand jury proceeding cancellations beyond April 30, 2020 may also be required.

For the reasons stated above and those set forth in Administrative Order 345, which are incorporated herein, the Court finds that the ends-of-justice are served by suspending the 30-day statutory speedy trial time period set forth in 18 U.S.C. § 3161(b), resetting the 30-day period to begin anew on the date this Court permits grand juries in the Northern District of Florida to resume meeting, and excluding the period of time between the date on which a Defendant is arrested and the date on which this Court first permits grand juries in the Northern District of Florida to resume meeting, for all Speedy Trial Act purposes.

This action is necessary to avoid a miscarriage of justice and also to avoid unnecessary risk to grand jurors, the Defendant, witnesses, counsel, Court staff, and the public. Good cause exists for a finding of excludable time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice in granting such suspensions and continuances outweigh the best interest of the public and the defendant in a speedy indictment and speedy trial. This action is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney(s) for the government, or failure on the part of the attorney(s) for the government to obtain available witnesses.

Accordingly, it is hereby **ORDERED** that:

1. All grand jury proceedings in the Northern District of Florida are cancelled from April 1, 2020 through April 30, 2020.

2. While the rule already provides for an exception, the 30-day clock set forth in 18 U.S.C. § 3161(b) is suspended until 30 days after the date on which this Court permits grand jury proceedings in the Northern District of Florida to resume meeting, based on the Court's

assessment of the public health concerns raised by COVID-19 and as communicated through a new Administrative Order.

3. The time period between the date of a Defendant's arrest and the date on which this Court first permits grand juries in the Northern District of Florida to resume meeting is hereby excluded for all Speedy Trial Act purposes, including but not limited to, the 30-day time period under 18 U.S.C. § 3161(b) in which an information or indictment must be filed and the 90-day time period under 18 U.S.C. § 3164(b) for beginning trial for a defendant who is detained solely because the defendant is awaiting trial, all under 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B).

4. To be clear, nothing in this Order precludes a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which an indictment or information must be filed or a trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from

the period within which indictment or information must be filed or a trial must commence.

**DONE AND ORDERED** this 1st day of April, 2020.

<div style="margin-left: 3em;">
s/ **Mark E. Walker**
**Chief United States District Judge**
</div>